# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-09-00557-CR**

**In re Bill Lawhorn, Jr.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 101,618, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Bill Lawhorn, Jr., is serving the thirty-five year prison sentence imposed in June 1991 after he pleaded guilty to and was convicted of burglary of a habitation with intent to commit sexual assault. In May 2009, on Lawhorn's pro se motion, the district court appointed counsel and ordered forensic DNA testing of biological material obtained during the investigation of this offense. After receiving the results of this testing, the court found that it is not reasonably probable that Lawhorn would not have been convicted if the results of the DNA tests had been available during the trial. *See* Tex. Code Crim. Proc. Ann. arts. 64.04 (West 2006). Lawhorn appeals this finding. *Id*. § 64.05.

Lawhorn's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). In response to counsel's brief, Lawhorn filed two "motions for appeal" challenging counsel's conclusion that the appeal is frivolous and urging that the DNA test results are exculpatory. *See id*. at 744.

The DNA test report states that the complainant's DNA was found on her nightgown and pantyhose, and on a swab contained in the sexual assault kit. No DNA profile was obtained from the sperm fraction found on this swab, or from the victim's panties or the handle of the putty knife that we infer was the tool used to effect entry into the complainant's residence. Based on the laboratory report, the district court concluded that the DNA testing did not yield exculpatory results and that if these results had been available at the trial of this case, it is reasonably probable that Lawhorn would have been convicted.

In his pro se response to counsel's *Anders* brief, Lawhorn asserts that the absence of his DNA on the tested items exculpates him and that the test results would have resulted in his acquittal. But on this factual record, which consists solely of the laboratory report, the test results are simply inconclusive. The results neither inculpate nor exculpate Lawhorn, and they fall far short of demonstrating a reasonable probability that Lawhorn is innocent. *See Johnson v. State*, 183 S.W.3d 515, 520 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd, untimely filed).

The issue raised in appellant's pro se response to counsel's *Anders* brief has no arguable merit. *See Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous. In this sense, the pro se motions for appeal are overruled. Counsel's motion to withdraw is granted.

The district court's order is affirmed.

2

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   September 16, 2010

Do Not Publish