02-10-466-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00466-CR

 

 


 
 
 EFRAIN BARRETERO
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432ND
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Efrain Barretero entered an open plea of guilty to one count of aggravated
robbery with a deadly weapon.  After a sentencing hearing before the court in
which the State offered Appellant’s presentence investigation report and
Appellant’s mother testified, the trial court accepted Appellant’s guilty plea
and sentenced him to fifteen years’ confinement.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and demonstrating why there are no arguable grounds for appeal.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). 
Appellant filed a pro se brief in response.[2]  The State did not file a
brief.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford,
813 S.W.2d at 511; Mays, 904 S.W.2d at 923.  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).  Because Appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Appellant’s plea, error that is
not independent of and supports the judgment of guilt, and error occurring
after entry of the guilty plea.  See Monreal v. State, 99 S.W.3d 615,
619–20 (Tex. Crim. App. 2003).

          We
have carefully reviewed the record, counsel’s brief, and Appellant’s pro se
brief.  We agree with counsel that this appeal is wholly frivolous and without
merit; we find nothing in the record that arguably might support any appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); see also
Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009).  Accordingly,
we grant the motion to withdraw and affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
GARDNER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 5, 2012









[1]See Tex. R. App. P. 47.4.





[2]Appellant asserts in his
pro se brief that he received ineffective assistance of counsel.