# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00732-CR

**Lance Nickolas Mendez, a/k/a Elios Hernendeza, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 65601, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lance Nickolas Mendez was placed on deferred adjudication community supervision after he pled guilty to burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02 (West 2011); Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2012). Subsequently, the trial court granted the State's motion to adjudicate after finding that Mendez had violated the conditions of supervision.[1] The court adjudicated Mendez guilty, revoked his community supervision, and assessed his punishment at 20 years' confinement in the Texas Department of Criminal Justice. *See*

---

[1] The State's motion to adjudicate contained 14 allegations. Mendez initially pled true to ten of the allegations. However, in response to the trial court's questions about the voluntariness of his pleas of true, Mendez indicated that he was "pleading true of out intimidation," expressing that he felt intimidated by the "extra charges" he received. Accordingly, the court refused to accept his pleas of true and entered pleas of not true to all the allegations on his behalf. The State presented evidence as to all of the allegations, but abandoned three allegations relating to financial delinquencies that Mendez had paid after the motion to adjudicate was filed. The trial court found all of allegations, except the three abandoned by the State, to be true.

Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2012); Tex. Penal Code Ann. § 12.33 (West 2011).

Mendez's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Mendez's counsel mailed appellant a copy of the brief along with a letter advising appellant of his right to examine the appellate record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed.[2]

We have conducted an independent review of the record, including appellate counsel's brief and the adjudication proceeding, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

However, we note that the judgment adjudicating guilt contains a clerical error. The judgment reflects that the trial court found that Mendez violated the conditions of his community supervision as alleged in paragraphs A, B, C, D, E, F, G, H, I, and J, but erroneously omitted the court's finding of true as to paragraph N. This Court has authority to modify incorrect judgments

---

[2] We granted Mendez a 90-day extension of time to file his pro se brief; however, no brief has been filed nor have we received any further requests for extension of time from Mendez.

when the necessary information is available to do so.  *See*. Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).  Accordingly, we modify the judgment to reflect that the trial court also found that Mendez violated the conditions of community supervision as alleged in paragraph N.  *See Montoya v. State*, No. 07-11-0492-CR , 2012 WL 2847902, at * 4 (Tex. App.—Amarillo July 11, 2012, no pet. h.) (mem. op., not designated for publication) (modifying judgment to properly reflect court's finding on deadly weapon before affirming conviction in frivolous appeal under *Anders*).

As modified, the judgment adjudicating guilt is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Modified and, as Modified, Affirmed

Filed:   August 16, 2012

Do Not Publish