02-11-471-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00471-CR

 

 









 
 
 Gilbert
 Rodriquez
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 3
  
 of
 Tarrant County (1223419D)
  
 January
 24, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS








 

 

 

PER
CURIAM








 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-11-00471-CR

 


 
 
 GILBERT RODRIQUEZ
 
 
  
 
 
 APPELLANT
  
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM CRIMINAL DISTRICT COURT NO. 3 OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Gilbert Rodriquez entered an open plea of guilty to one count of burglary of a
habitation.  After an evidentiary hearing in which Appellant was the only
witness and consideration of a presentence investigation report, the trial
court sentenced Appellant to eighteen years’ confinement, two years less than
the statutorily-allowed maximum sentence.  See Tex. Penal Code Ann. §
12.33(a) (West 2011).

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, this appeal is frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and demonstrating why there are no arguable grounds for appeal.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  This
court gave Appellant the opportunity to file a brief on his own behalf, but he
did not do so.[2]  The State did not file a
brief.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford,
813 S.W.2d at 511; Mays, 904 S.W.2d at 923.  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record and counsel’s brief.  We agree with counsel
that this appeal is wholly frivolous and without merit; we find nothing in the
record that arguably might support any appeal.  See Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005); see also Garner v. State,
300 S.W.3d 763, 767 (Tex. Crim. App. 2009).  Accordingly, we grant the motion
to withdraw and affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
GARDNER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 24, 2013









[1]See Tex. R. App. P. 47.4.





[2]In
January 2013, appellant sent this court a letter in which he expressed his
belief that he had no chance to succeed in this appeal and seemed to state his
desire to dismiss the appeal.  The letter, however, did not comply with the
requirements for a motion to dismiss a criminal appeal.  See Tex. R.
App. P. 42.2(a).  Thus, assuming that appellant intended for his letter to
serve as a motion to dismiss, we deny the motion.