

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00053-CR

DEON A. DAVIS                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Deon A. Davis entered an open plea of guilty to the charge of aggravated robbery with a deadly weapon. Davis also pleaded true to the State's deadly weapon and habitual offender paragraphs, and the trial court sentenced him to twenty-five years' incarceration. The plea proceedings were not recorded. The trial court granted Davis permission to appeal, and Davis timely filed notice

---

[1]See Tex. R. App. P. 47.4.

of appeal. Davis's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. In counsel's brief, he certifies that in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We gave Davis an opportunity to file a pro se response, and Davis filed a pro se response to the *Anders* brief, as well as a reply, raising multiple points.[2] By two different letters, the State acknowledges having received counsel's brief as well as Davis's response and reply. In these letters, the State informs us that it will not file its own response.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on the appellant's behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant

---

[2]In his initial response, Davis argues that he received ineffective assistance of counsel, that the evidence is insufficient to support his conviction, that he was entitled to a mandatory stenographic recording of his plea hearing, and that he should have been allowed to withdraw his plea. In his reply, Davis asks this court to hold the State in contempt of court because it chose not to file a response in this case. Our review of the brief, filings, and record included, but was not limited to, these matters.

counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, Davis's pro se filings, and the brief filed by Davis's counsel. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 5, 2014