# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00720-CR

**Anthony Ervin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-11-500438, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Anthony Ervin of burglary of a building other than a habitation. Punishment was assessed at five years and six months in the institutional division of the Texas Department of Criminal Justice.

Ervin's court-appointed appellate attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds on the merits to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Appellant's counsel's brief points out clerical errors in the trial court's judgment that should be corrected, and the State in its reply brief concurs that the changes should be made. Ervin was served a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed.

We have reviewed the record, including the appellate briefs, and find no reversible error aside from the clerical errors. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous other than for correction of the following clerical errors:

(1) Where the judgment states that appellant was convicted of a third degree felony, it will now state that he was guilty of burglary of a building, a state jail felony. *See* Tex. Penal Code § 30.02(c)(1).

(2) Where the judgment contains "NA" in the spaces asking about pleas to enhancement paragraphs, the judgment is revised to conform with information in the reporter's record showing that appellant pled true to two enhancement paragraphs.

(3) Where the judgment contains "NA" in the spaces concerning findings on the enhancement paragraphs, the judgment is corrected to reflect the jury's findings—in conformity with appellant's pleas of true and the trial court's instruction—that the enhancement allegations were true.

Appellant's counsel's motion to withdraw is granted. The judgment of conviction is modified as described above and, as modified, is affirmed. *See* Tex. R. App. P. 43.2(b).

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed: July 31, 2014

Do Not Publish

2