# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00563-CR

**Tarsha Yvonne Wiley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 69201, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Tarsha Yvonne Wiley was placed on deferred adjudication community supervision after she pleaded guilty to aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2); Tex. Code Crim. Proc. art. 42.12, § 5(a). Subsequently, the trial court granted the State's motion to adjudicate after finding that appellant had violated the conditions of supervision.[1] The court adjudicated appellant guilty, revoked her community supervision, and

---

[1] The State's motion to adjudicate contained ten paragraphs alleging that appellant had violated the conditions of supervision in various ways, including the commission of a new family-violence-assault offense, the failure to abstain from the use of alcoholic beverages and illegal drugs, the failure to complete a collections compliance class as directed, the failure to complete a SASSI evaluation as directed, and the failure to pay certain fees associated with supervision. At the adjudication hearing, appellant pleaded not true to the all of the allegations. The State presented testimony from appellant's community supervision officer and the victim of the alleged assault, after which the trial court found all the allegations to be true.

assessed her punishment at five years' confinement in the Texas Department of Criminal Justice. *See* Tex. Code Crim. Proc. art. 42.12, § 5(b); Tex. Penal Code § 12.33.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of her right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the adjudication proceeding and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

We note, however, that the judgment of adjudication in this case contains non-reversible clerical errors. First, the judgment erroneously states that appellant's "Plea to the Motion to Adjudicate" was "True." The record reflects that appellant pleaded "Not True" to the

allegations at the adjudication hearing. Second, the judgment omits the trial court's findings of violation, which were orally pronounced at the conclusion of the adjudication hearing. The record from the adjudication hearing reflects that the trial court found all of the allegations contained in the State's motion to adjudicate—paragraphs A through J—to be true.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Since the necessary information is available here, we modify the judgment of adjudication to reflect that appellant's "Plea to the Motion to Adjudicate" was "Not True" and to reflect that the trial court found that appellant violated the terms and conditions of supervision as alleged in paragraphs A through J of the State's motion to adjudicate. As so modified, the trial court's judgment of adjudication is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed:   May 27, 2015

Do Not Publish