# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00410-CR
NO. 03-15-00411-CR

**Edgar Sangillo, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. D-1-DC-12-200962 & D-1-DC-12-200963
HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edgar Sangillo was charged with driving while intoxicated and with failing to stop and render aid. *See* Tex. Penal Code § 49.04 (setting out elements of offense of driving while intoxicated); Tex. Transp. Code § 550.021(a) (requiring person involved in accident "that results or is reasonably likely to result in injury or death" to stop at scene of accident, determine if person involved in accident "requires aid," and remain at scene of accident), (c)(2) (listing permissible punishment range for accident resulting in injury but does not involve death or serious bodily injury); *see also Kirven v. State*, No. 10-15-00359-CR, 2015 WL 9256892, at *2 (Tex. App.—Waco Dec. 17, 2015, no pet.) (mem. op., not designated for publication) (explaining that although offense level for offense under subsection 550.021(c)(2) is not listed in statute, "the offense is a third-degree felony"). The indictment pertaining to the driving-while-intoxicated offense also alleged that Sangillo

had previously been convicted of the offense of driving while intoxicated on two prior occasions. *See* Tex. Penal Code § 49.09(b)(2) (elevating offense level for driving while intoxicated to third-degree felony if defendant has previously been convicted twice of driving while intoxicated). Under the terms of a plea-bargain agreement, Sangillo agreed to enter a plea of guilty to both offenses, and the district court imposed a sentence of seven years' imprisonment for the driving-while-intoxicated offense and a sentence of five years' imprisonment for the failure-to-stop offense but suspended the sentences and placed Sangillo on community supervision for seven years for the driving-while-intoxicated offense and for five years for the failure-to-stop offense. *See id.* § 12.34 (setting out permissible punishment range for third-degree felony).

Approximately one year later, the State moved to revoke Sangillo's community supervision on the grounds that he failed to complete 250 community-service-restitution hours and that he had committed several assaults against "a member of his family and household and a person with whom he has a dating relationship." *See id.* § 22.01 (governing offense of assault). After convening a hearing on the State's motion to revoke, the district court issued its judgments revoking community supervision in the two cases and imposing sentences of four years' imprisonment for both offenses. Sangillo appeals the district court's judgments revoking his community supervision.

In each cause, Sangillo's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining

2

both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Sangillo's counsel has certified to this Court that he has provided a copy of the motion and brief to Sangillo, advised him of his right to examine the appellate record and file a pro se response, and provided him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). To date, no pro se brief or other written response has been filed, and Sangillo has not requested an extension of time to file a response.

We have performed an independent review of the record and find no reversible error. We agree with Sangillo's counsel that the record presents no arguably meritorious grounds for review and that the appeals are frivolous. In each cause, counsel's motion to withdraw is granted.

Although Sangillo's counsel concluded that there are no meritorious grounds for appeal, he does urge that there is a clerical error in the judgment revoking community supervision for the failure-to-stop-and-render-aid offense. Specifically, Sangillo's attorney notes that the judgment states that Sangillo failed to complete 250 hours of community-service-restitution hours but points out that the conditions of community supervision in that case did not require Sangillo to complete community-service restitution. When the district court determined that the grounds for revocation were true, it explained that it found "a slight variation in the State's motion to amend. I do not find anywhere that the defendant was ordered to complete community service, restitution" in the failure-to-stop case and concluded "[w]ith that understanding" that "all allegations in the motions to revoke supervision are true." In addition, we also observe that there is a clerical error in that judgment. The judgment reflects that the conviction was under subsection 550.021(c)(1) of the Transportation Code. *See* Tex. Transp. Code § 550.021(c)(1). That provision applies to offenses that result in death or serious bodily injury. *Id.* However, the indictment only alleged that Sangillo "intentionally

3

or knowingly dr[o]ve a vehicle that became involved in an accident resulting in bodily injury." Moreover, during the hearing on the motion to revoke, the district court explained that "there was no allegation of death or serious bodily injury." Accordingly, the alleged offense was governed by subsection 550.021(c)(2) of the Transportation Code, which applies to accidents resulting in injury that did not result in death or serious bodily injury. *See id.* § 550.021(c)(2).

This Court has the authority to modify incorrect judgments when it has the information necessary to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment revoking community supervision in cause number D-1-DC-12-200963 to delete the language stating that Sangillo "FAILED TO COMPLETE 250 HOURS OF COMMUNITY SERVICE RESTITUTION" and to reflect that Sangillo was convicted under subsection 550.021(c)(2) of the Transportation Code.

As modified, the judgment revoking community supervision in cause number D-1-DC-12-200963 is affirmed. The judgment revoking community supervision in cause number D-1-DC-12-200962 is affirmed.

_____

David Puryear, Justice

Before Chief Justice Rose and Justices Puryear and Pemberton

D-1-DC-12-200962: Affirmed
D-1-DC-12-200963: Modified and, as Modified, Affirmed

Filed: June 10, 2016

Do Not Publish