# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00482-CR
NO. 03-15-00483-CR
NO. 03-15-00484-CR

**Tony Robleto, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NOS. D-1-DC-14-204512, D-1-DC-14-204513, & D-1-DC-14-204516,
THE HONORABLE KAREN SAGE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After the trial court denied his pretrial motion to suppress, appellant Tony Robleto pled guilty and judicially confessed to three felony drug offenses: possession of a controlled substance with intent to deliver, methamphetamine, *see* Tex. Health & Safety Code §§ 481.112(a) (defining offense of possession with intent to deliver controlled substance in Penalty Group 1), 481.102(6) (listing methamphetamine as Penalty Group 1 controlled substance), possession of a controlled substance with intent to deliver, cocaine, *see id.* §§ 481.112(a), 481.102(3)(D) (listing cocaine as Penalty Group 1 controlled substance), and possession of a controlled substance with intent to deliver, morphine, *see id.* §§ 481.112(a), 481.102(3)(A) (listing morphine as Penalty Group 1 controlled substance). In accordance with a plea agreement between appellant and the State, the trial court assessed appellant's punishment at six years' confinement in the Texas Department of

Criminal Justice for each offense, ordering the sentences to run concurrently. *See id.* §§ 482.112 (c) (establishing that drug possession offense is second degree felony if amount of controlled substance possessed is one gram or more but less than four grams), (d) (establishing that drug possession offense is first degree felony if amount of controlled substance possessed is four grams or more but less than 200 grams); *see also* Tex. Penal Code §§ 12.32 (setting forth punishment range for first degree felony), 12.33 (setting forth punishment range for second degree felony).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeals are frivolous and without merit.[1] The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested access to the appellate record, and pursuant to this Court's order the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*,

---

[1] These were plea-bargain cases, but the suppression matter was raised by written motion filed and ruled on before trial and appellant did not withdraw or waive the suppression issue as part of the plea bargain. Thus, appellant had the right of appeal as to the suppression issue. *See* Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 25.2(a)(2)(A).

436 S.W.3d at 321. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the suppression hearing, the plea proceedings, and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motion to withdraw is granted.

On review of the record, however, we observe that the written judgments of conviction in these cases contain non-reversible clerical error. First, the judgment of conviction in each case incorrectly identifies the offense for which appellant was convicted. The judgment in cause number D-1-DC-14-204512 (appeal number 03-15-00482-CR) states that the "Offense for which Defendant Convicted" is "Delivery Controlled Substance–Methamphetamine," the judgment in cause number D-1-DC-14-204513 (appeal number 03-15-00483-CR) states that the "Offense for which Defendant Convicted" is "Delivery Controlled Substance–Cocaine," and the judgment in cause number D-1-DC-14-204516 (appeal number 03-15-00484-CR) states that the "Offense for which Defendant Convicted" is "Delivery Controlled Substance–Morphine." However, in each case appellant was indicted for—and pled guilty to—the offense of possession of a controlled substance with intent to deliver rather than delivery of a controlled substance.

Second, the judgment of conviction in each case fails to correctly identify the statute under which appellant was charged and convicted. The judgments in cause number

3

D-1-DC-14-204512 (appeal number 03-15-00482-CR) and cause number D-1-DC-14-204513 (appeal number 03-15-00483-CR) state that the "Statute for Offense" is "481.112(d) Health and Safety Code." This statutory provision establishes that a drug possession offense is a first degree felony if the amount of controlled substance possessed is four grams or more but less than 200 grams. However, the applicable statutory provisions for the drug possession offense as alleged in the indictments in these two cases also include section 481.112(a) of the Health and Safety Code, the statutory provision that defines the offense of possession of a controlled substance with intent to deliver. Similarly, the judgment in cause number D-1-DC-14-204516 (appeal number 03-15-00484-CR) states that the "Statute for Offense" is "481.112(c) Health and Safety Code." This statutory provision establishes that a drug possession offense is a second degree felony if the amount of controlled substance possessed is one gram or more but less than four grams. Once again, however, the applicable statutory provisions for the drug possession offense as alleged in the indictment in cause number D-1-DC-14-204516 (appeal number 03-15-00484-CR) also include section 481.112(a) of the Health and Safety Code, the statutory provision that defines the offense of possession of a controlled substance with intent to deliver.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgments of conviction in these cases as follows:

• We modify the judgment in cause number D-1-DC-14-204512 (appeal number 03-15-00482-CR) to reflect that the "Offense for which Defendant Convicted" is "Possession

4

of a Controlled Substance with Intent to Deliver–Methamphetamine" and to reflect that the "Statute for Offense" is "481.112(a), (d) Health and Safety Code."

- We modify the judgment in cause number D-1-DC-14-204513 (appeal number 03-15-00483-CR) to reflect that the "Offense for which Defendant Convicted" is "Possession of a Controlled Substance with Intent to Deliver–Cocaine" and to reflect that the "Statute for Offense" is "481.112(a), (d) Health and Safety Code."

- We modify the judgment in cause number D-1-DC-14-204516 (appeal number 03-15-00484-CR) to reflect that the "Offense for which Defendant Convicted" is "Possession of a Controlled Substance with Intent to Deliver–Morphine" and to reflect that the "Statute for Offense" is "481.112(a), (c) Health and Safety Code."

As so modified, the trial court's judgments of conviction are affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Modified and, as Modified, Affirmed

Filed:   August 12, 2016

Do Not Publish

5