# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00694-CR

**Jimmy Jay Jensen, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 05-1310-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated May 31, 2007, and substitute the following opinion and judgment in their place.

Appellant Jimmy Jay Jensen was convicted of five counts of aggravated sexual assault of a child and two counts of indecency with a child by contact in 2006. *See* Tex. Penal Code §§ 21.11, 22.021. Appellant was sentenced to life imprisonment for each count of aggravated sexual assault and to twenty years' imprisonment for each of the indecency counts. Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit.

The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim.

App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 86–87 (1988). Appellant received copies of counsel's motion and brief and was advised of his right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. The trial court has certified that the appellate record has been made available to appellant, and appellant has submitted a pro se brief.[1] *See Kelly v. State*, 436 S.W.3d 313, 321 (Tex. Crim. App. 2014) (appellate court should order entity designated to arrange appellant's access to record to report to appellate court when record has been made available to appellant).

We have conducted an independent review of the record, including appellate counsel's brief and appellant's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous.

Counsel's motion to withdraw is granted. The judgment of conviction is affirmed.

---

[1] In our May 31, 2007 opinion, now withdrawn, we affirmed appellant's conviction pursuant to the *Anders* brief filed by counsel. This Court noted that although appellant had been advised of his right to examine the appellate record and to file a pro se brief, no pro se brief had been filed.

Appellant later applied to the Texas Court of Criminal Appeals for a writ of habeas corpus, asserting that he had been denied due process because the trial court never provided him with access to the record for the purpose of filing a pro se response brief, despite his request for such access. *See Ex parte Jensen*, WR-69,319-04, 2018 WL 2126571, at *1 (Tex. Crim. App. May 9, 2018). In a per curiam opinion, issued on May 9, 2018, the Texas Court of Criminal Appeals concluded that appellant was entitled to the opportunity to file an out-of-time pro se response brief to counsel's *Anders* brief and ordered appellant "returned to that time at which he may review the record and prepare a pro se response." *Id.* The Court of Criminal Appeals also ordered that the trial court provide appellant "with access to the trial records for the purpose of filing a pro se response brief" within 10 days. *Id.*

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Affirmed

Filed:  November 1, 2018

Do Not Publish

3