

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## PD-0904-07

### CHRISTOPHER GARNER, Appellant

### v.

### THE STATE OF TEXAS

### On Discretionary Review
### from the Tenth Court of Appeals,
### Brazos County

*WOMACK, J., delivered the opinion for a unanimous Court.*

We hold in this case that, when a court of appeals finds no issues of arguable merit in an *Anders* brief, it may explain why the issues have no arguable merit.

## I. Background

The appellant was convicted of aggravated robbery and sentenced to sixteen years in prison. On appeal, the appellant's counsel filed an *Anders*[1] brief, requesting to be removed from the case because there were no non-frivolous points of error to be raised on appeal. He did

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

present one point that could potentially be the only appealable error: the rule that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."[2] While he briefed this one issue, he concluded by asserting the frivolity of the appeal in full, ultimately requesting permission to be removed from the case, saying, "After a diligent and thorough review of the record by appellate counsel as required by *Anders*, supra, in his opinion there are no issues which can legitimately be presented to this Honorable Court. Therefore, the appeal is frivolous."

As the decisions in *Anders* and *Bledsoe*[3] permit, the appellant then filed a *pro se* brief, presenting ten separate and additional points of error.[4]

The Court of Appeals issued a memorandum opinion responding to both counsel's *Anders* brief and the appellant's *pro se* brief, ultimately finding "no issues of arguable merit."[5] The majority of the Court of Appeals relied on its own opinion in *Villanueva v. State*,[6] which stated that "*Bledsoe* does not preclude [the court] from articulating [its] analysis; it states that

---

[2] CODE CRIM. PROC. art. 38.14.

[3] *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Cr. App. 2005).

[4] *Garner v. State,* 2007 Tex. App. LEXIS 4246, at *2-3 (Tex. App.–Waco May 30, 2007) (mem. op., not designated for publication) ("[The appellant's] written statement was improperly admitted; (2) certain testimony by Detective Lance Matthews constitute[d] inadmissible hearsay; (3) the court's definition of 'accomplice' was improper; (4) the State engaged in improper jury argument (two points); (5) certain testimony by Sergeant Charles Peters constitute[d] inadmissible hearsay; (6) evidence of extraneous offenses was admitted (two points); (7) his conviction was based on inadmissible hearsay, speculation, and extraneous evidence; and (8) the court's 'deadly weapon' finding [was] improper.").

[5] *Id.,* at *16.

[6] 209 S.W.3d 239, 244 (Tex. App.–Waco 2006, no pet.).

such an exercise is not required."[7] It had further held in *Villanueva*:

> When potentially arguable issues are raised and briefed by counsel in an *Anders* brief, we believe it is sometimes necessary to identify the issues and to provide the appellant, the bar, and the public with the analysis behind our frivolousness determination. This transparency comports with the spirit of the applicable appellate rules (*see Tex. R. App. P. 47.1, 47. 4*) and only increases confidence in the judiciary.[8]

The Court granted counsel's motion to withdraw from representation "effective upon his notifying [the appellant] of [its] decision and of his right to file a *pro se* petition for discretionary review."[9]

The appellant filed a *pro se* petition for discretionary review with this Court, raising the same ten points of error, and further contending that the Court of Appeals erred by analyzing the points of error for substantive merit and reversible error, instead of simply determining whether they had any arguable merit. This Court granted review on its own motion on the issue, "Is the Court of Appeals' opinion, which addresses the merits of points of error of an *Anders* appeal, consistent with *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Cr. App. 2005)?"

The appellant argues that the Court of Appeals' opinion is not consistent with this Court's opinion in *Bledsoe,* because under *Bledsoe*, an appellate court's duty is merely to determine whether there are any arguable grounds to an *Anders* brief – not to analyze them for merit. He argues that the Court implicitly determined that, in fact, there were "arguable grounds" for review, analyzed them for reversible error, found none, and affirmed the trial court's judgment in direct violation of *Bledsoe.* He asserts that, by analyzing and discussing the issues in such detail,

---

[7] *Id.,* citing *Bledsoe*, 178 S.W.3d, at 827.

[8] *Id.,* at 244.

[9] *Garner*, 2007 Tex. App. LEXIS 4246, at *16.

the Court of Appeals "opened the door" to the possibility that they were of arguable merit, leaving their disposition of the case unclear, despite the characterization of frivolity. The appellant requests that, in accordance with *Bledsoe*, the case be remanded to the trial court so that new counsel can be appointed to properly brief the issues.

The State also argues that the Court of Appeals erred in addressing the substantive merits of the appellant's *pro se* response to counsel's *Anders* brief; however, it contends that the appellate court did not conclusively determine arguable merit. Rather, the State questions the findings of the memorandum opinion and requests that this case be remanded to the *appellate* court to conduct a proper analysis under *Bledsoe*.

## II. Settled Law

In *Anders*, the Supreme Court of the United States held that the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court – not with the attorney of record.[10] In order to ensure effective counsel on appeal for indigent defendants, without requiring counsel to breach ethical prohibitions against making frivolous arguments, the Supreme Court instituted the now-established procedure of the *Anders* brief:

> 1. Following conviction, if counsel believes that all imaginable points of error are purely frivolous, then counsel must (a) file a brief with the appellate court detailing the reasons for that belief, and (b) request permission to be removed from representation.[11]

> 2. A copy of counsel's brief must be furnished to the indigent appellant, who may

---

[10] *Anders*, 386 U.S. 738, 744.

[11] "His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Ibid.*

file a brief *pro se*.[12]

     3. The appellate court then must examine the record and decide whether the appeal is frivolous.[13]

     4. If the court agrees that the appeal is frivolous, it may affirm the conviction.[14] (That is what the Court of Appeals did in this case.) If it does not agree, it must act to have counsel represent the appellant in presenting non-frivolous points.[15]

The Supreme Court said, "This procedure will assure penniless defendants the same rights and opportunities on appeal–as nearly as is practicable–as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel."[16]

In *Bledsoe,* this Court further elaborated the principles set forth in *Anders*, clarifying the analytical procedure by which the courts determine the frivolity of the points of error.

> When faced with an Anders brief and if a later pro se brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.[17]

---

[12] "A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses .…". *Ibid.*

[13] "[T]he court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Ibid.*

[14] "If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." *Ibid.*

[15] "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Ibid.* "If grounds are deemed arguable, the Court of Appeals must then abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal." *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Cr. App. 1991) (footnote omitted).

[16]*Anders*, 386 U.S., at 745.

[17] *Bledsoe*, 178 S.W.3d, at 826-27 (citing *Anders*, 386 U.S., at 744; *Stafford*, 813 S.W.2d, at 511).

Thus, courts of appeals must decide whether the *Anders* appeal and subsequent *pro se* brief raise any meritorious "arguable grounds" for review.[18] Consistent with *Anders* principles, *Bledsoe* held that it is "[t]he court's duty . . . to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues."[19]

### III.  Analysis

In this case, counsel and appellant properly complied with the requirements of *Anders*. Counsel filed his brief on July 19, 2006 and notified the appellant of his right to file a *pro se* brief on July 17, 2006.

In May, 2007, the Court of Appeals issued a memorandum opinion which analyzed each of the appellant's ten points of error and determined that they all lacked "arguable merit."[20] The Court of Appeals' detailed discussion of the individual points of error did not inherently "open the door" to their possessing arguable merit. Rather, it merely explained why each point lacked arguable merit.[21] The length and detail of the Court of Appeals' analysis was not improper. The Court's actions did not violate the appellant's constitutional rights under *Anders* or *Bledsoe*. The provision of analysis does not necessarily imply that there is arguable merit.

We recognize the possibility that an analysis could be so complex, or be based so wholly on unsettled precedent, that it might suggest that a particular ground carries arguable merit. And if extensive analysis were needed to both explain the law and set forth new legal standards, then

---

[18] *Ibid.*

[19] *Bledsoe*, 178 S.W.3d, at 827.

[20] *Garner,* 2007 Tex. App. LEXIS 4246, at *16-17.

[21] *Id.*, at 16 ("In summary, having addressed each of Garner's ten points of error, we find that Garner has not presented any issues of arguable merit.").

it would be meritorious, and in accordance with *Bledsoe*, should be remanded to the trial court for new counsel.

But in this case the legal discussion of the points of error in this case, although lengthy, was neither complex nor based on unsettled precedent, and it did not necessarily imply any arguable merit.

Certainly, if any of the appellant's *pro se* claims were found to have arguable merit, then his constitutional rights would require that he be provided with counsel to properly brief those grounds for review. However, as determined by this Court in *Bledsoe,* an appellant is not being denied effective assistance of counsel if he does not have counsel to properly brief points of error *without* arguable merit.

In our view, the Court of Appeals has benefitted the appellant by providing him with additional detail as to why the grounds are not meritorious. This does not mean that the supplemental analysis violates the appellant's due-process constitutional rights.

The judgment of the Court of Appeals is affirmed.


Delivered December 9, 2009.
Publish.