ACCEPTED
06-14-00086-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/18/2015 2:46:57 PM
DEBBIE AUTREY
CLERK

CASE NOS. 06-14-00086-CR

In The

COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
5/18/2015 2:46:57 PM
DEBBIE AUTREY
Clerk

MARK ANTHONY YOUNG, Appellant

VS.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
of Hunt County, Texas
Trial Court Cause Nos. 29,236
Honorable Richard A. Beacom, Jr., Judge Presiding

**STATE'S REQUEST FOR CLARIFICATION AS TO STATUS OF APPELLATE CASE**

NOBLE DAN WALKER, JR.
District Attorney, in and for
Hunt County, Texas

STEVE LILLEY
Assistant District Attorney
State Bar Number - 24046293
P.O. Box 441
4th Floor, Hunt County Courthouse
Greenville, Texas 75401
Telephone Number - (903) 408-4180
Facsimile Number - (903) 408-4296
Email: slilley@huntcounty.net

## STATE'S REQUEST FOR CLARIFICATION AS TO STATUS OF APPELLATE CASE

Comes now, The State of Texas, and files this motion seeking claification as to the status of appellant's appeal and the State's role at this point.

I.

On January 14, 2015, attorney Jason Duff, appointed appellate counsel for Appellant filed an Anders brief and motion to withdraw as counsel for appellant. On March 26, 2015, Appellant filed what is titled "Response to Anders Brief." This Court, in a notice to the State of Texas on March 26, 2015, stated that it had received "Appellant's pro se brief" and stated that the State's response was due April 27, 2015. This date was later extended to May 27, 2015.

On page 6 of his "response," appellant informs the Court that the purpose of his response is to point out to the Court several areas of potential error and request that the appeal be abated and remanded to the trial court for the appointment of new appellate counsel. He cites several cases for this proposition. This raised two questions for which the State seeks clarification: Whether this request for review and remand by Appellant was proper, and if it is, what role the State is to play at this point in the proceedings?

It seems that Appellant's request that his "response" result in a remand with new appellant counsel is in some cases proper. In <u>Bledsoe v. State</u>, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005), the Court stated when an appeals

2

court has both an Anders brief and a brief filed *pro se*, the court may either overrule the appeal after a review of the record as being wholly frivolous or, if the Appellant points out possible error(s) that may have merit, the court may abate the appeal and remand the cause to the trial court for a new appellate attorney to represent the Appellant. *See also* <u>Garner v. State</u>, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).

At this point, the State seeks guidance as to its responsibilities in these situations. If a full brief on the merits is expected, we will, of course, file such a brief. If the State should wait until an initial finding is made on any points of potential error, we will wait for such a finding. This Court will likely recall that the State recently filed a full brief on the merits in The State of Texas v. Tyrone Denard Anderson, Cause No. 06-14-00074-CR. That case involved the same fact scenario as this one. The State at time did not recognize the potential conflict between filing a full brief on the merits and the <u>Bledsoe</u> and <u>Garner</u> cases mentioned above. The only difference between the Mr. Anderson and Mr. Young was that Mr. Young labeled his document a "Response to Anders brief" and specifically requested relief in the form of a remand with new appellate counsel. Mr. Anderson made no such request.

We appreciate any assistance the Court can provide on this matter.

Respectfully submitted,

Steve Lilley
Assistant District Attorney
Hunt County, Texas
P.O. Box 441
Greenville, Texas 75403-0441
Phone: 903/408-4180
Fax: 903/408-4296
Email: slilley@huntcounty.net