# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00338-CR

**Jeffery Ryan Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2014-031, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jeffrey Ryan Moore was charged with the trafficking of a child and with compelling the prostitution of a child. *See* Tex. Penal Code §§ 20A.02(a)(7) (specifying that person commits offense if he "knowingly . . . traffics a child and by any means causes the trafficked child to engage in, or become the victim of, conduct prohibited by" statute governing compelling prostitution), (b)(1) (explaining that offense is first-degree felony if conduct involves compelling prostitution "regardless of whether the actor knows the age of the child at the time the actor commits the offense"), 43.05(a)(2) (providing that person commits offense if he "knowingly . . . causes by any means a child younger than 18 years to commit prostitution, regardless of whether the actor knows the age of the child at the time the actor commits the offense"), (b) (stating that offense is first-degree felony). At the end of the guilt-or-innocence phase, the jury determined that Moore was guilty of both counts. Moore elected to have the district court determine his punishment in the event that the jury found

him guilty. At the end of the punishment phase, the district court determined that Moore should be sentenced to thirty years' imprisonment for each count and rendered its judgments of conviction accordingly. *See id.* § 12.32 (listing permissible punishment range for first-degree felony). Moore appeals the district court's judgments of conviction.

Moore's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Moore's counsel has represented to the Court that he provided copies of the motion and brief to Moore; advised Moore of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Moore with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Moore requested and received the appellate record and filed a pro se brief. In addition, Moore has requested the appointment of another attorney.

We have independently reviewed the record and Moore's pro se brief and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d

2

at 766.  We agree with counsel that the appeal is frivolous and without merit.  We grant counsel's

motion to withdraw and affirm the district court's judgments of conviction.[1]

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed:   August 25, 2016

Do Not Publish

---

[1] No substitute counsel will be appointed.  Should Moore wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  *See generally* Tex. R. App. P. 68-79 (governing proceedings in Court of Criminal Appeals).  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed.  *See id.* R. 68.2.  The petition must be filed with the clerk of the Court of Criminal Appeals.  *Id.* R. 68.3(a).  If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals.  *Id.* R. 68.3(b).  Any petition for discretionary review should comply with the rules of appellate procedure.  *See id.* R. 68.4.  Once this Court receives notice that a petition has been filed, the filings in this case cause will be forwarded to the Court of Criminal Appeals.  *See id.* R. 68.7.