# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00459-CR

**George Harris, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-14-205001, HONORABLE JIM CORONADO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury convicted George Harris of burglary of a vehicle-third offender, a state jail felony. *See* Tex. Penal Code § 30.04(d)(2)(A). Punishment was enhanced to a second degree felony range by allegation of two or more prior felony convictions. *See id.* § 12.425(b). The trial court assessed punishment at twelve years' imprisonment.

Harris's appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 744 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75 (1988); *Anders*, 386 U.S. at 743–44; *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014). Harris's attorney has represented to the Court that he provided copies of the motion and brief to Harris; advised Harris of his right to examine the appellate record, file a pro se brief, and pursue

discretionary review following the resolution of the appeal in this Court; and provided Harris with a form motion for pro se access to the appellate record and the Court's mailing address. *See Kelly*, 436 S.W.3d at 319–21. No pro se brief has been filed.

We have independently reviewed the record, including the evidence presented to the jury, the procedures that were observed, and appellate counsel's brief, and we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766–67 (Tex. Crim. App. 2009). We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw.

In our review of the record, we observe, as did the parties, that the written judgment of conviction in this case contains non-reversible clerical error. The judgment of conviction states, "Plea to 1st Enhancement Paragraph: True"; "Findings on 1st Enhancement Paragraph: True"; "Plea to 2nd Enhancement/Habitual Paragraph: True"; and "Findings on 2nd Enhancement/Habitual Paragraph: True." However, the record reflects that the enhancement paragraphs used to enhance the instant offense were enhancement paragraphs 9 and 10 of the indictment. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment as follows to reflect that enhancement paragraphs 9 and 10 of the indictment were used to enhance the offense: "Plea to 9th Enhancement Paragraph: True"; "Findings on 9th Enhancement Paragraph: True"; "Plea to 10th Enhancement/Habitual Paragraph:

2

True"; and "Findings on 10th Enhancement/Habitual Paragraph: True." As so modified, the judgment of conviction is affirmed.[1]

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Modified and, as Modified, Affirmed

Filed: August 25, 2016

Do Not Publish

---

[1] No substitute counsel will be appointed. Should Harris wish to seek further review of his case by the Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68–79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See id.* R. 68.2. The petition must be filed with the Court of Criminal Appeals. *See id.* R. 68.3(a). Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See id.* R. 68.4, 68.5.