# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00562-CR

**Joshua Vardell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT NO. 13,981, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2010, Joshua Vardell was indicted for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02 (setting out elements of offense of aggravated assault and explaining that offense is, in general, second-degree felony). Per a plea-bargain agreement, Vardell pleaded guilty to the allegations in the indictment. The district court placed Vardell on community supervision for ten years, deferring an adjudication of guilt. Between 2012 and 2017, the State filed multiple motions to revoke Vardell's community supervision and adjudicate his guilt, but the district court elected to continue Vardell on community supervision after modifying the terms and conditions of his community supervision. In March 2018, the State filed another motion to revoke Vardell's community supervision and to adjudicate his guilt. In its motion, the State alleged that Vardell violated his community supervision by failing (1) to report "to the Community Supervision and Corrections Office" as directed; (2) to remain within Bastrop County, except as permitted by

Vardell's community supervision and corrections officer; (3) to pay his supervisory fees, courts costs, and the fine imposed when he was placed on community supervision; and (4) to complete inpatient service treatment at Serenity Star Recovery. Vardell pleaded true to all of the alleged violations, and he and four other witnesses testified at the hearing. The district court rendered judgment revoking Vardell's community supervision, adjudicating his guilt, and assessing his punishment at eight years' imprisonment. *See id.* § 12.33 (listing permissible punishment range for second-degree felonies). Shortly thereafter, Vardell was appointed appellate counsel and appealed the district court's judgment of adjudication.

Vardell's court-appointed appellate attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Vardell's counsel has represented to the Court that she provided copies of the motion and brief to Vardell; advised Vardell of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Vardell with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Vardell

2

subsequently filled a pro se brief alleging that he was denied effective assistance of counsel and that the punishment assessed by the district court was excessive.

We have independently reviewed the record and Vardell's pro se brief and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the district court's judgment revoking Vardell's community supervision and adjudicating his guilt.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   February 21, 2019

Do Not Publish