# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00757-CR

---

**Stephen Edward Galanffy, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY
NO. 77831, THE HONORABLE PAUL LEPAK, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In December 2017, appellant Stephen Edward Galanffy pleaded guilty to the offense of evading arrest in a motor vehicle and pleaded true to an enhancement paragraph alleging that he had a prior conviction for the offense of theft. The district court accepted Galanffy's pleas, took judicial notice of his signed judicial confession stipulating that the facts alleged in the indictment were true and correct, and found the evidence sufficient to support a finding of guilt. However, the district court withheld its finding of guilt and placed Galanffy on deferred-adjudication community supervision for a period of ten years.

In May 2018, the State filed a motion to adjudicate, alleging that Galanffy had violated the terms and conditions of his community supervision by, among other grounds, testing positive for methamphetamine and evading arrest. Galanffy pleaded true to the State's allegations. At the hearing on punishment, Galanffy testified that he had seven prior felony

convictions and fourteen prior misdemeanor convictions. Although Galanffy acknowledged that he had "a lot" of convictions, he attempted to minimize their significance by claiming that they were "just a bunch of drug charges." Galanffy further testified that he was addicted to drugs, had started using drugs when he was twelve years old, and had been unsuccessful in stopping his drug usage on prior occasions when he had been placed on community supervision.

The district court found that Galanffy had violated the terms and conditions of his community supervision as alleged. The court revoked his community supervision, adjudicated him guilty of the underlying evading-arrest offense, and sentenced him to eight years' imprisonment. This appeal followed.

Galanffy's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Galanffy with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Galanffy has not filed a motion for access to the record, pro se brief, or other written response.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment adjudicating guilt.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   July 11, 2019

Do Not Publish