# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00704-CR

---

**Christopher Aaron Lange, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
NO. D-17-0953-SB, THE HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Aaron Lange pleaded guilty to the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). Before finding Lange guilty, the district court heard evidence relating to the offense. This evidence included the testimony of Justin Miller, the victim of the offense; Robert Miller,[1] a jailhouse informant; Detective Matt Hawthorne of the San Angelo Police Department, who had investigated the offense; Danielle Huckabee, a co-defendant in the case; and Lange, who testified in his defense.

Justin testified that on July 26, 2017, while he was sleeping in his bedroom, he awoke to someone stabbing him repeatedly with a knife. Following a struggle between Justin and the assailant, the assailant fled Justin's house.

---

[1] Justin Miller and Robert Miller are unrelated. However, because they share the same last name, we will refer to them using their first names to avoid confusion.

After interviewing Justin's girlfriend Selina Parsons and Parsons's friend Danielle Huckabee, both of whom were at Justin's house when the assault occurred, the police suspected that the assailant was Lange, a man who was friends with Parsons. Hawthorne testified that when he interviewed Lange, Lange admitted that he was at Justin's house during the incident but denied stabbing Justin. Lange claimed that it was "some individual . . . with a ski mask" who had committed the stabbing. Hawthorne believed this to be "false and fictitious information" based on his interviews with Parsons and Huckabee.

After Lange was arrested and jailed, he had a conversation with Robert, a jailhouse informant. Robert testified that Lange told him that he had intended to kill a man and "run off with [the man's] girlfriend to Houston." Robert explained, "He went in and stabbed the gentleman in the neck, I believe, and then he stabbed him in the head and then he stabbed him in the side. And when the gentleman got up to come after him, he took off outside."

Danielle Huckabee, a co-defendant in the case, testified that she had been aware of a plan by Parsons and Lange to have Lange "go into the house, kidnap Justin, make it look like a home invasion, and then bring him to either Dallas or Austin and just dump him on the side of the road." Huckabee explained that when Lange arrived at Justin's house shortly before the assault, Parsons and Lange "started hugging" and "embracing," and then Lange went outside. When Lange returned, he was holding a weapon that Huckabee described as a "hook knife" and "proceeded to go into the bedroom where Justin was."[2] Huckabee heard Justin scream, and shortly thereafter, saw Justin and Lange come out of the bedroom and into the living room. As Justin was crawling on the floor, bleeding, Lange "bolted out the [front] door."

---

[2] Detective Hawthorne described the knife more specifically as a "hunting knife with a gut hook, commonly used for . . . deer hunting." He added, "The reason for the gut hook is so you can cut open the belly of a deer."

2

In his testimony, Lange admitted to stabbing Justin but claimed that he did not want to kill him. Lange claimed that he only wanted to "scare" Justin because Parsons had told Lange that Justin was abusing her.

Based on the above and other evidence, the district court found Lange guilty of committing the offense of aggravated assault with a deadly weapon and sentenced him to seventeen years' imprisonment. This appeal followed.

Lange's court-appointed counsel on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Lange with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Lange requested access to the appellate record, and pursuant to this Court's order, the clerk of the trial court provided written verification to this Court that the record was provided to Lange. *See Kelly*, 436 S.W.3d at 321. Lange has not filed a pro se response or requested an extension of time to file a response.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.

3

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   July 11, 2019

Do Not Publish