# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00168-CR

---

**Quincy Donnell Johnson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 79144, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Quincy Donnell Johnson appeals his conviction for the offense of burglary of a habitation with intent to commit sexual assault. *See* Tex. Penal Code § 30.02(d). Johnson's court-appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We will affirm the district court's judgment of conviction.

Johnson pleaded guilty to the offense and pleaded true to two enhancement paragraphs alleging prior convictions for assault-family violence. At the punishment hearing, Doris Rodriguez, a 63-year-old widow, testified that at approximately 3:00 a.m. on June 9, 2018, she was asleep in her bed when she heard a "loud bang" coming from outside her house. Rodriguez decided to check on the noise. When she did so, she saw that her front door was open and a man who she did not know, later identified as Johnson, was standing in her kitchen holding

a sledgehammer.  Rodriguez "kind of walked up to him asked what the heck was he doing here?  What did he want?"  Johnson said nothing, handed Rodriguez the sledgehammer, and grabbed her hand.  Then, Rodriguez recounted, Johnson "was starting to push [her] back, backwards towards [her] living room and towards [her] bedroom" in a "kind of forceful manner."  She added, "It wasn't like he was trying to hurt me but yet he had my hand.  He wouldn't let me go."

After Johnson had pulled Rodriguez into the bedroom, he pushed her down onto the bed, turned her on her back, and sat on her legs, which prevented Rodriguez from moving.  Johnson then told Rodriguez that she was "going to get something that [she] would enjoy."  Rodriguez, believing that she was about to be raped and killed, decided to start asking Johnson if he knew Jesus.  The third time she asked, Johnson responded, "You got me there," and told her that he did not know Jesus.  Rodriguez then asked Johnson if they could go outside and he agreed.  Once they were outside, Johnson sat down on Rodriguez's front porch and Rodriguez walked to her neighbor's house, where she called the police.

Officer Carmen Davila of the Temple Police Department responded to the call.  Davila testified that when she arrived, after speaking with Rodriguez outside, she walked inside the residence and noticed that the front entrance "looked like somebody had forced open the door" with some sort of "tool."  She then walked into the bedroom and found Johnson sitting on the bed with the sledgehammer next to him.  Davila recounted that Johnson was "[v]ery quiet," "[d]idn't speak much," and had "glossy eyes," which led her to believe that he might have been under the influence of narcotics.  Davila arrested Johnson, and when other officers searched him incident to arrest, they found methamphetamine on his person.

2

At the conclusion of the hearing, the district court found Johnson guilty, found the enhancement paragraphs to be true, and sentenced him to 50 years' imprisonment. This appeal followed.

Johnson's court-appointed counsel on appeal has filed a motion to withdraw supported by an *Anders* brief concluding that the appeal is frivolous and without merit. *See* 386 U.S. at 744. The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Johnson with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Johnson has not filed a motion for access to the record, pro se brief, or other written response.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed: August 27, 2020

Do Not Publish