# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00372-CR

**Cameron Mitchell Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-18-0166, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Cameron Mitchell Moore was charged with aggravated kidnapping, stalking, attempted capital murder, violating a protective order by committing assault, and violating a protective order by committing stalking. *See* Tex. Penal Code §§ 15.01, 19.03, 20.04, 25.07(g), 42.072. At the end of the guilt-innocence phase, the jury acquitted Moore of aggravated kidnapping and the lesser offense of kidnapping; acquitted him of attempted capital murder but convicted him of the lesser offense of assault family violence; and convicted him of stalking, violating a protective order by committing assault, and violating a protective order by committing stalking. *See id.* §§ 22.01, 25.07(g), 42.072. Moore was sentenced to ten years' imprisonment for each conviction. *See id.* § 12.34. Following his convictions, Moore appealed the district court's judgments of conviction. Moore's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and

without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). We agree and affirm the trial court's judgments of conviction.

During the trial, evidence was presented regarding Moore's relationship with the victim, Victoria Warren, the mother of one of his children. Moore and Warren began dating in 2010, and Warren testified that Moore assaulted her and threatened to kill her multiple times during their relationship and strangled her while she was pregnant. In the fall of 2017, Warren ended the relationship and moved to another city. Moore found out the new school where Warren enrolled her children, went to the school, waited to see which bus her children got on, and followed the bus to where the children and Warren were now living. Later, Moore returned to the home, kicked in the front door, and held a gun to Warren's head. Moore left the home after one of Warren's children begged him not to kill Warren. Warren called the police, and a protective order was issued prohibiting Moore from being within a specific distance of Warren's home, committing additional acts of family violence, and stalking Warren. Later that month, Warren saw Moore near her home when she was driving and called the police to report that Moore had violated the protective order. When the police arrived, Moore was arrested.

The following month, Warren noticed Moore following her while she was driving and tried unsuccessfully to evade him. Warren called 911, and the operator told her to drive to the police station. A recording of the 911 call was admitted into evidence. Warren missed the parking lot entrance for the police station but parked at a nearby business and ran to the police station. Moore also pulled into the business and then chased Warren. Video recordings from the police station admitted into evidence showed Warren entering the lobby of the police station and Moore following shortly thereafter, grabbing her by the head, dragging her out of the station, and forcing her into the parking lot while holding his arms around her neck.

2

After hearing the commotion, police officers and an employee of the business where Moore and Warren had parked ran outside to determine what was happening. The employee and the officers found Warren on the ground with Moore on top of her strangling her. Warren testified that she started to lose consciousness while Moore was strangling her. One of the officers drew her handgun and ordered Moore to release Warren, and Moore eventually complied. Once Moore loosened his grip, Warren got away from him and went inside the police station. The police arrested Moore and discovered a knife and a zip tie on his person. After Moore was arrested, Warren went to the hospital for treatment. Warren had difficulty breathing before going to the hospital and had trouble swallowing for days. The physician's assistant who treated Warren testified that she had ligature marks on her neck and throat consistent with being strangled.

During the charge conference, both parties asked the trial court to include a lesser-included-offense instruction for the offense of assault family violence in the attempted-capital-murder charge, and Moore requested a lesser-included instruction for kidnapping in the aggravated-kidnapping charge. The trial court granted both requests. The jury acquitted Moore of aggravated kidnapping and the lesser offense of kidnapping and acquitted him of attempted capital murder, but the jury convicted him of the lesser offense of assault family violence. *See* Tex. Penal Code § 22.01. The jury also convicted Moore of stalking, violating a protective order by committing assault, and violating a protective order by committing stalking. *See id.* §§ 25.07(g), 42.072.

In the punishment phase, Warren testified regarding additional acts of violence that occurred during her relationship with Moore and threats that he made about her and her children. During Warren's testimony, multiple jail recordings were admitted into evidence

3

documenting threats by Moore to murder her and other women with whom he was romantically involved and capturing statements by Moore in which he asserted how protective orders will not prevent him from hurting people. In addition, jail employees testified regarding an incident in which Moore cracked the glass divider in the visitation center while he was talking with someone, and a video recording and photographs regarding the incident were admitted into evidence. Members of Moore's family testified that Moore's father abused him and his mother and that Moore is a good father to his children. Moore was sentenced to ten years' imprisonment for each conviction.

Moore's court-appointed attorney's brief concluding that the appeal is frivolous and without merit meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Moore's counsel represented to the Court that he provided copies of the motion and brief to Moore; advised Moore of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Moore with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

After filing an *Anders* brief, Moore's attorney informed this Court that Moore was charged with three other felonies that are still pending and that Moore was declared incompetent to stand trial in at least one of those cases. Because Moore had been declared incompetent,

4

Moore's attorney asked this Court to abate the appeal to allow Moore the opportunity to exercise his rights under *Anders* (e.g., to review the record and prepare his own pro se brief) after he has regained competency. Accordingly, this Court abated the appeal. *See Moore v. State*, No. 03-19-00372-CR, 2020 WL 412143, at *1 (Tex. App.—Austin Jan. 16, 2020, no pet.) (mem. op., not designated for publication). After being informed that Moore's competency had been restored, this Court reinstated the appeal. Following reinstatement, Moore filed a motion for pro se access to the appellate record and a motion for an extension of time to file a pro se brief, and both motions were granted. However, the time permitted to file a brief has expired, and Moore has not filed a pro se brief.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the district court's judgments of conviction.

_____
Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: October 20, 2021

Do Not Publish