# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-22-00512-CR
NO. 03-22-00559-CR

**Qusai Walid Zaqzouq, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
## NOS. CR-18-0530-D & CR-18-0893-D
## THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Under two separate indictments, Qusai Walid Zaqzouq was charged with two counts of aggravated assault with a deadly weapon, two counts of forgery involving an elderly person, one count of theft, and one count of tampering with physical evidence. *See* Tex. Penal Code §§ 22.02, 31.03, 32.21, 37.09. Zaqzouq entered into plea-bargain agreements with the State in which he agreed to enter guilty pleas in exchange for the State dismissing one of the forgery counts and recommending that he be placed on deferred-adjudication community supervision for five years for the theft count and for ten years for all the remaining counts. *See* Tex. Code Crim. Proc. arts. 42A.101, .103. Approximately sixteen months later, the State filed motions to adjudicate alleging that he violated the terms of his community supervision by committing the offense of evading arrest or detention with a motor vehicle, committing the offense of reckless driving, failing to obey all of the requirements imposed by the trial court and

his community-supervision officer, and leaving Hays County without permission from his community-supervision officer. *See id.* art. 42A.301. During a hearing on the motions to adjudicate, he pleaded not true to the allegations.

At the hearing, a police officer testified that while he was stopped, he noticed "a vehicle coming at [him] westbound in the eastbound lanes of traffic." The officer related that he attempted to block the path of the vehicle but that the driver "swerved to the right and drove around" the officer and continued driving in "opposite lanes of traffic." In addition, the officer reported that the vehicle was travelling over 100 miles per hour and ran a red light.

An officer from another police department testified that he responded to a call regarding a police chase of a vehicle, radioed for assistance from a helicopter, and set out spike strips in front of the vehicle. Further, the officer explained that the driver avoided the spike strips by driving in oncoming lanes of traffic on the highway. In addition, the officer related that he lost sight of the vehicle but that the helicopter pilot continued to follow the vehicle, that the pilot observed the vehicle crash, and that the pilot reported seeing the driver fleeing on foot. The officer described how the helicopter pilot directed him to where the driver was located and how he then arrested the driver for evading in a motor vehicle. The officer identified Zaqzouq as the driver of the vehicle. Zaqzouq's community-supervision officer testified that he left Hays County in March 2020 without providing the required notice.

During the helicopter pilot's testimony, a recording from the helicopter's cameras was admitted into evidence. The recording showed the vehicle driving at a high rate of speed on a highway for approximately ten minutes and driving on the shoulder of the highway. Next, the recording captured the vehicle leaving the highway and driving on a street for a few minutes

before crashing into a median.  Further, the recording depicted the driver fleeing from the vehicle on foot before the police caught up to him.

When presenting his case, Zaqzouq elected to testify and explained that he broke the law by driving in the manner that he did because he was being harassed and pursued by the individuals who previously claimed that he stole from them.  He also denied having committed the underlying offenses and stated that he only agreed to plead guilty because his prior counsel coerced him into entering the plea-bargain agreement.

Following the hearing, the trial court found the allegations to be true, revoked Zaqzouq's deferred-adjudication community supervision, and adjudicated him guilty. Additionally, the court sentenced him as follows: two years' confinement for the theft count and six years' imprisonment for the two aggravated-assault counts, the forgery count, and the tampering count.  *See* Tex. Penal Code § 12.33, .34, .35.  He appeals the trial court's judgments adjudicating guilt.

Zaqzouq's court-appointed attorney on appeal has filed motions to withdraw supported by briefs concluding that the appeals are frivolous and without merit.  Counsel's briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced.  *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous").  Zaqzouq's counsel has represented to the Court that he provided copies of the motions and briefs to Zaqzouq; advised him of his right to examine the appellate record, file pro se briefs, and pursue discretionary review following the

resolution of the appeals in this Court; and provided him with the address of this Court and a copy of the appellate record in these cases. *See Kelly v. State*, 436 S.W.3d 313, 319-20 & n.22 (Tex. Crim. App. 2014). Rodriguez has not filed a pro se brief challenging any of his convictions, and the time for filing a brief has expired.

We have independently reviewed the record and considered appellate counsel's briefs, and we have found nothing that might arguably support the appeals. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeals are frivolous and without merit. We grant counsel's motions to withdraw and affirm the trial court's judgments adjudicating guilt.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Jones[*]

Affirmed

Filed: April 28, 2023

Do Not Publish

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).