# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00098-CR

---

**Jessie Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

---

## FROM THE 35TH DISTRICT COURT OF MILLS COUNTY
## NO. 3700, THE HONORABLE MIKE SMITH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Jessie Rodriguez pled guilty in an open plea to attempted aggravated sexual assault, a second-degree felony. *See* Tex. Penal Code §§ 15.01(b), 22.021(a)(1)(A). Following a punishment hearing, the trial court sentenced him to 20 years' confinement in the Texas Department of Criminal Justice-Institutional Division. *See id.* § 12.33.

Rodriguez's court-appointed appellate attorney has filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See id.*; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose

of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous").

Rodriguez's counsel has represented to the Court that he provided copies of the motion and brief to Rodriguez and that he advised Rodriguez of his right to examine the appellate record, file a pro se response, and pursue discretionary review following the resolution of the appeal in this Court. He also provided to Rodriguez a form motion for pro se access to the appellate record, lacking only Rodriguez's signature and the date, along with the mailing address for this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). To date, Rodriguez has not filed a request for the appellate record, a pro se response, or a motion for extension of time.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous.

We observe, however, that the judgment of conviction contains a non-reversible error. While the judgement correctly lists the offense for which the appellant was convicted as "attempted aggravated sexual assault," it incorrectly lists the applicable statute as Texas Penal Code "22.012." Section 22.012 defines the offense of indecent assault, not sexual assault, the offense at issue here. *See* Tex. Penal Code §§ 22.012, .021.[1] This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). That authority to modify

---

[1] The judgment also lists Section 15.01 of the Texas Penal Code, which establishes the degree of offense in which there is an aggravating element and in which the offense is attempted, but not completed. Tex. Penal Code § 15.01. We find that Section 15.01 correctly applies to the judgment.

extends to judgments in *Anders* cases when the modification will not result in a reversal of the judgment. *Brunson v. State*, 03-22-00434-CR, 2023 Tex. App. LEXIS 5672, at *4 (Tex. App.—Austin Aug. 1, 2023, no pet.) (mem. op, not designated for publication). Accordingly, we modify the judgment of conviction to reflect that the "Statute for Offense" is "22.021 & 15.01, Penal Code."

We affirm the judgment of conviction, modified as described above, and grant counsel's motion to withdraw.

_____

Chari L Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Modified and, as Modified, Affirmed

Filed: August 15, 2024

Do Not Publish