# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00114-CR

---

**Francisco Esquivel, III, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY**
**NO. CR2019-226, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Francisco Esquivel, III, was charged with the offense of bail jumping and failure to appear. *See* Tex. Penal Code § 38.10. The indictment included four enhancement paragraphs alleging that Esquivel had previously been convicted of the following four felony offenses: one count of unlawful possession of a firearm by a felon, two counts of possession of a controlled substance, and one count of possession of a controlled substance with intent to deliver. *See* Tex. Health & Safety Code §§ 481.112, .115, Tex. Penal Code § 46.04. Following a jury trial on guilt-innocence, the jury found Esquivel guilty. During the punishment hearing, Esquivel pleaded true to the four enhancement allegations, and the trial court sentenced him to 50 years' imprisonment. *See* Tex. Penal Code § 12.42. Esquivel appealed his conviction.

Esquivel's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See*

*Anders v. California*, 386 U.S. 738, 744-45 (1967). Esquivel's court-appointed attorney's brief concluding that the appeal is frivolous and without merit meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See id.*; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Esquivel's counsel represented to the Court that he provided copies of the motion and brief to Esquivel; advised Esquivel of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Esquivel with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Esquivel has not filed a pro se brief challenging his conviction, and the deadline for filing a pro se brief has expired.

We have independently reviewed the record and considered appellate counsel's brief, and we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the trial court's judgments of conviction.

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   August 27, 2024

Do Not Publish