

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00126-CR

---

ROBERTO PEREZ-GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 483rd District Court
Hays County, Texas
Trial Court No. CR-22-5908-D, Honorable Tanner Neidhardt, Presiding

---

January 23, 2025

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Roberto Perez-Garcia, was convicted of the offense of aggravated robbery[1] and was sentenced to twenty-five years of confinement in the Texas Department of Criminal Justice—Institutional Division.[2]  Appellant's court-appointed attorney on appeal has filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744–45, 87

---

[1] *See* TEX. PENAL CODE ANN. § 20.03(3), (3)(b) (a first-degree felony).

[2] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

S. Ct. 1396, 18 L. Ed. 2d 493 (1967). *See Tucker v. State*, No. 03-22-00698-CR, 2024 Tex. App. LEXIS 3193, at *2 (Tex. App.—Austin May 9, 2024, no pet.).

At trial, the State's evidence consisted primarily of the complainant's testimony, physical evidence recovered from Appellant's residence, and a recorded jail call. According to the evidence, on November 18, 2022, the manager of a San Marcos trailer park was in her office when Appellant came to discuss repairs to his unit's air conditioning system. When the manager explained she could not immediately fix his unit or allow him to hire his own technician, Appellant became angry and refused to leave. While the manager attempted to call police, Appellant grabbed her phone, pushed her against the wall, and pulled out a handgun. Holding the gun to her head, Appellant demanded the manager write him a receipt showing he had paid $18,000 to purchase his trailer unit. After obtaining the receipt, Appellant then fled with the manager's phone and keys. Police later found the keys hidden in an air vent at Appellant's residence. During a recorded jail call, Appellant admitted giving the "Taurus" (identified by a detective as a handgun) to a friend before police arrived. Appellant took the stand and denied having a weapon or assaulting the complainant, though he acknowledged receiving the $18,000 receipt and being upset about the repairs. The jury found Appellant guilty of aggravated robbery.

The brief from Appellant's court-appointed attorney meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced on appeal. *See Anders*, 386 U.S. at 744-45; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) (explaining that *Anders*

2

briefs serve the purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous").

Appellant's counsel filed a certificate of counsel verifying that he (1) notified Appellant that he filed a motion to withdraw as counsel with an accompanying *Anders* brief and provided a copy of each to Appellant; (2) advised him of his right to file a pro se response identifying what he believes to be meritorious grounds for appeal; (3) advised him of his right to review the appellate record; (4) explained the process for obtaining the appellate record, provided a Motion for Pro Se Access to the appellate record lacking only Appellant's signature and date and provided the appropriate mailing address; and (5) informed him of his right to seek discretionary review pro se should this Court declare his appeal frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant has not filed a pro se response, and the deadline for such a response has passed. The State has declined to file a brief in this case.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the trial court's judgment. [3]

---

[3] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

**Conclusion**

The trial court's judgment is affirmed.

Lawrence M. Doss
Justice

Do not publish.