# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00288-CR

---

**Willie Bernard Freeman, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CR27503, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Willie Bernard Freeman pleaded guilty to the offense of possession of a controlled substance in an amount of less than one gram in a drug-free zone, a third-degree felony. *See* Tex. Health & Safety Code §§ 481.115(b), .134. Freeman entered into a plea-bargain agreement with the State, and consistent with the agreement, the trial court deferred his adjudication of guilt and placed him on deferred-adjudication community supervision for three years. *See* Tex. Code Crim. Proc. art. 42A.101. The State subsequently filed a motion to proceed with adjudication alleging that Freeman violated 10 terms of his community supervision: (1) submitting a drug sample that tested positive for cocaine; (2) being delinquent $320 in court costs; (3) being delinquent $180 in restitution; (4) being $1680 delinquent in his supervisory fees; (5) being $2025 delinquent in fines; (6) being $40 delinquent in drug/alcohol use testing fees; (7) being $50 delinquent in a Crime Stoppers Program payment; (8) failing to complete 160

hours of community service; (9) failing to submit to a substance abuse evaluation and follow any/all treatment recommendations, if any; and (10) pay a $105 tuition fee and complete a drug-offender education program. During a hearing on the motion to adjudicate, Freeman pleaded true to allegations (1) through (7) and (10), but not true to allegations (8) and (9).

At the hearing, Freeman's community-supervision officer testified about Freeman's noncompliance with the conditions of his community supervision. After the State rested, Freeman chose to testify, admitting on direct-examination and cross-examination that he tested positive for drugs while on community supervision. After the hearing, the trial court found true the allegations of Freeman's failure to abstain from use of controlled substances (allegation 1), failure to complete community-service hours (allegation 8), and failure to submit to a substance-abuse evaluation (allegation 9). The trial court revoked Freeman's deferred-adjudication community supervision, adjudicated him guilty, and sentenced him to six years' imprisonment. *See* Tex. Penal Code § 12.34. Freeman appeals the trial court's judgment adjudicating guilt.

Freeman's court-appointed appellate attorney filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Freeman's counsel represented to the Court that he provided copies of the motion and brief to Freeman; advised him of his right to examine the

2

appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided him with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Freeman requested access to the appellate record, and pursuant to this Court's order, the Milam County District Clerk provided written verification to this Court that a copy of the appellate record was sent to Freeman on September 30, 2025. Freeman filed a pro se brief challenging his conviction.

After independently reviewing the record and considering appellate counsel's brief and Freeman's pro se brief, we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment adjudicating guilt.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed: December 3, 2025

Do Not Publish

3