# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-19-00512-CR

**Dustin Ledale Dodson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 264TH DISTRICT COURT OF BELL COUNTY
### NO. 77868, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Dustin Ledale Dodson was charged with violating a protective order by assaulting Robin Denise Britt-Dodson. *See* Tex. Penal Code § 25.07(g). Dodson agreed to plead guilty per the terms of a plea-bargain agreement. Consistent with the terms of that agreement, the district court deferred Dodson's adjudication of guilt after accepting his guilty plea and placed him on community supervision for six years.

About three months later, the State filed a motion to revoke Dodson's community supervision and adjudicate his guilt alleging that he violated the conditions of his community supervision by testing positive for marijuana; by failing "to participate and cooperate in . . . assessment, classification, and habilitation/rehabilitation programs"; by failing "to participate in and successfully complete the Life Skills program"; by sending "explicit photos of his genitals" to the victim; and by failing to pay various court costs and fees. During a hearing on the motion, Dodson entered pleas of true to the State's allegations. At the end of the hearing, the district

court revoked Dodson's community supervision, adjudicated his guilt, and sentenced him to ten years' imprisonment. *See id.* §§ 12.34, 25.07(g).

Several months later, Dodson filed a motion requesting that the district court suspend the execution of his sentence and place him on shock probation. *See* Tex. Code Crim. Proc. art. 42A.202. After reviewing the motion and considering the parties' arguments, the district court agreed to suspend Dodson's sentence and place him on community supervision for ten years. A few months later, the State filed a motion to revoke Dodson's shock probation alleging that Dodson violated the terms of his community supervision by using "Ecstasy (MDMA)" and marijuana, by attempting to use "a device designed to falsify" a drug test "during an attempt to obtain a urine sample for testing," by failing to pay various court costs and fees, and by sending text messages to the victim that were sexual in nature. During a hearing on the motion, Dodson entered pleas of true to the State's allegations. The district court rendered its judgment revoking Dodson's shock probation and sentencing him to ten years' imprisonment. Dodson appeals the district court's judgment.

Dodson's court-appointed attorney on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Dodson's counsel has represented to the Court that she provided copies of the motion and brief to Dodson; advised Dodson of his right to examine the

appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Dodson with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Dodson has not requested a copy of the appellate record or filed a pro se brief, and the time permitted to file a brief has expired.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the district court's judgment of conviction.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed: February 6, 2020

Do Not Publish