# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00430-CR

### Joseph Wayne Fegurgur, Appellant

### v.

### The State of Texas, Appellee

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 78328, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joseph Wayne Fegurgur appeals his conviction for the offense of assault of a public servant. *See* Tex. Penal Code § 22.01(b)(1). Fegurgur's court-appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We will affirm the district court's judgment of conviction.

At Fegurgur's bench trial, former Killeen Police Department Officer Stephen Frucella testified that on December 10, 2017, he was dispatched to a hotel in Killeen to assist hotel management in removing occupants who were suspected of using drugs. Officer Frucella knocked on the door to the occupants' room, which was answered by Brittany Tovar, a known drug dealer. Fegurgur and two other individuals were also in the room, and Frucella and another officer instructed all four occupants to exit the room and sit on the hallway floor as Frucella cleared the room to make sure no one else was inside. Once inside the room, Frucella discovered a burnt glass pipe that he knew from his training and experience to be used for narcotics.

The other officer then began running computer checks on the individuals to see if they had any outstanding warrants. Fegurgur had an active parole warrant and was told by Frucella that he was under arrest. Fegurgur protested, claiming that he had already resolved the warrant with his parole officer, but Frucella advised him that regardless, it was an active warrant and "he was going to have to take care of it once he was at the jail."

As the other officer began to handcuff him, Fegurgur got up off the ground in a "crouching" stance and "took off running" toward Frucella "like he was going to attempt to tackle" him. Frucella parried the attack, took Fegurger to the ground, and attempted to subdue him. A struggle ensued, during which a handgun slid out from underneath Fegurgur, within arm reach of both men. Frucella grabbed the gun, which he believed belonged to Fegurgur, and tossed it away from the fray, while Fegurgur began to strike Frucella in the face with his elbow. Frucella released Fergurgur so that Frucella could secure the firearm, and when he did so, Fegurgur began to move toward the hotel exit to escape. Frucella pursued Fegurgur, ordered him to the ground, and, when Fegurgur did not comply, kicked him to the ground, eventually subdued him, and placed him in handcuffs. Frucella also checked the condition of the handgun and determined that it was loaded with four bullets.

Fegurgur was turned over to Killeen Police Department Officer Hailong Nguyen, who took him downstairs to EMS for treatment of his injuries. Officer Nguyen testified that Fegurgur refused treatment, and when Nguyen began to walk Fegurgur to his patrol car for transport to jail, Fegurgur "yanked away from him and started running" into the street. Nguyen chased after and apprehended Fegurgur by tasing him. During the tasing, one of the prongs of the weapon got stuck in the back of Fegurgur's head, and he was transported to a hospital for treatment.

2

In an interview with police following his arrest, Fegurger admitted to fighting Frucella while attempting to evade arrest and claimed that if he had escaped, he would have turned himself in after spending Christmas with his son. Regarding the handgun that was recovered by Frucella, Fegurgur initially denied that the gun belonged to him but later acknowledged that the handgun might have been his, although he thought he had left the gun at his home before he went to the hotel.

Frucella suffered injuries to his left shoulder, back, and neck during the altercation with Fegurgur, and he testified to the extent of those injuries. Frucella explained that his shoulder, back, and neck injuries required surgery, that he still feels pain from those injuries, and that he can no longer work as a police officer because of his injuries, which forced him to take a medical retirement from the police department.

The district court found Fegurgur guilty of assault of a public servant as charged and, after finding true three enhancement paragraphs alleging that Fegurgur had three prior felony convictions, sentenced him to 60 years' imprisonment. This appeal followed.

Fegurgur's court-appointed counsel on appeal has filed a motion to withdraw supported by an *Anders* brief concluding that the appeal is frivolous and without merit. *See* 386 U.S. at 744. The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Fegurgur with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App.

2014).    Fegurgur filed a motion for access to the record, which this Court granted on December 22, 2021.  Fegurgur's pro se brief was due in this Court on April 4, 2022.  No pro se brief or other response has been filed.

We have reviewed the record and counsel's brief.  We agree with counsel that the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   April 20, 2022

Do Not Publish