# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00490-CR

**Alex Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY
### NO. 14,840, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alex Rodriguez was charged with burglary of a habitation. *See* Tex. Penal Code § 30.02. Rodriguez entered into a plea-bargain agreement with the State. Consistent with the agreement, the trial court deferred his adjudication of guilt and placed him on deferred-adjudication community supervision for ten years. *See* Tex. Code Crim. Proc. art. 42A.101. Approximately eight years later, the State filed a motion to adjudicate alleging that Rodriguez violated the terms of his community supervision by failing to abstain from the use of alcohol multiple times and by committing the offense of driving while intoxicated with two or more prior convictions for that offense. *See id.* arts. 42A.108, .751; Tex. Penal Code § 49.09. During a hearing on the motion to adjudicate, Rodriguez pleaded not true to the two allegations.

At the hearing, a police officer testified that he arrested Rodriguez for driving while intoxicated. When describing the events leading up to the arrest, the officer explained that he observed Rodriguez turning in his car but noticed that Rodriguez did not turn sharply enough

and ended up in the oncoming lane of traffic. The police officer explained that he initiated a traffic stop, smelled alcohol when he approached Rodriguez, noticed that Rodriguez's eyes were bloodshot, observed that Rodriguez's speech was "slow and inconsistent," and documented that Rodriguez "was unsteady on his feet." In addition, the police officer described how there was an open box of beer in the backseat and a half-full and cold bottle of beer inside the vehicle that matched those in the box. Further, the police officer related that Rodriguez refused to perform field-sobriety tests and provide a breath sample, that he obtained a warrant for a sample of Rodriguez's blood, and that Rodriguez was later indicted for felony driving while intoxicated after the sample was tested. Next, Rodriguez's community-supervision officer testified that the State alleged in its motion to adjudicate that Rodriguez consumed alcohol on the night of his arrest and on two later occasions as reported by a Secure Continuous Remote Alcohol Monitor attached to Rodriguez following his arrest and release on bond.

After the State rested, Rodriguez elected to testify, explained that he had been compliant with most of the conditions of his community supervision, speculated that the alcohol results from the monitor could have been caused by paint thinner that he was using, and discussed his efforts to help and contribute financially to his family. During his testimony, Rodriguez admitted that he had beer in his vehicle but stated that it had been in the vehicle for over a week and that he bought it for other people to drink. Rodriguez also admitted that he had previously been convicted of two counts of driving while intoxicated and had been on community supervision for evading arrest or detention with a motor vehicle. Following Rodriguez's testimony, his mother, his sister, and a friend testified regarding his character, how he helps his family and friends, and how he contributes financially to the family household.

After the hearing, the trial court found both allegations to be true, revoked Rodriguez's deferred-adjudication community supervision, adjudicated him guilty, and sentenced him to ten years' imprisonment; however, the trial court also agreed to suspend his sentence and place him on community supervision for ten years. *See* Tex. Penal Code § 12.33. Rodriguez appeals the trial court's judgment adjudicating guilt.

Rodriguez's court-appointed attorney on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Rodriguez's counsel has represented to the Court that he provided copies of the motion and brief to Rodriguez; advised him of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided him with a copy of the appellate record in this case. *See Kelly v. State*, 436 S.W.3d 313, 319-20 & n.22 (Tex. Crim. App. 2014). Rodriguez has filed a pro se brief challenging his conviction.

We have independently reviewed the record and considered appellate counsel's brief and Rodriguez's pro se brief, and we have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the trial court's judgment adjudicating guilt.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Jones[*]

Affirmed

Filed:   April 26, 2023

Do Not Publish

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).