# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00308-CR

---

**Edgar Caballero, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY**
**NO. 17057, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Following a bench trial, the district court convicted appellant Edgar Caballero of the offense of murder and sentenced him to forty years' imprisonment. *See* Tex. Penal Code § 19.02. This appeal followed. Caballero's court-appointed counsel on appeal has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that he has provided Caballero with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

Caballero has filed a pro se response disputing counsel's contention that the appeal is frivolous. Among other contentions, he claims that the indictment is "vague," that the verdict is "contrary to the State of Texas law," that one of the State's witnesses, his ex-wife, was biased against him, and that he had "no hate towards the deceased," who he asserts had a history of violence.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson*, 488 U.S. at 80; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The indictment alleged in two paragraphs that on or about October 13, 2019, Caballero either (1) intentionally or knowingly caused the death of Angel Martinez by striking Martinez with the defendant's hand or other unknown object or (2) with intent to cause serious bodily injury to Martinez, committed an act clearly dangerous to human life that caused the death of Martinez, by striking Martinez with the defendant's hand or other unknown object.

During the bench trial, the district court heard evidence that on the night of October 13, 2019, Caballero and his ex-wife, Magdalena Caballero, arrived at Magdalena's home in Bastrop, where she lived with her children, mother, and stepfather, Angel Martinez. Magdalena testified that while she was getting the children ready for bed, Caballero asked her if she needed anything from the store before he drove back to his apartment in Waco. Magdalena told him that she did not, and Caballero left. Shortly thereafter, Magdalena and her mother found Martinez on the ground outside their home, covered in blood. Magdalena called 911 and then tried to find Caballero, who was "nowhere on the property" and was not answering Magdalena's phone calls.

2

One of the paramedics who responded to the 911 call was Kathy Birdwell, who testified that when she and her partner arrived at the scene, Martinez "was laying on his back beside his car covered in blood, not responsive at that time." His face was "tremendously mangled," his "nose was bloody," his "tongue was torn," and his "ear was almost ripped off of his head." Birdwell testified that it appeared to her that Martinez had been hit in the head multiple times, possibly with a rock that Birdwell observed on the ground near Martinez that was also covered in blood. Martinez was intubated and transported by helicopter to a hospital in Austin. Approximately two weeks later, he died from his injuries. The medical examiner testified that the cause of death was "blunt head trauma" and that Martinez's wounds were consistent with blows to the face using a fist or some other object. A copy of the medical examiner's report was admitted into evidence.

On the night of the incident, Detective Zachary Koenig and Officer Luke Briscoe of the Waco Police Department were dispatched to Caballero's apartment to interview him. During the interview, Caballero admitted hitting Martinez in the face multiple times but claimed that Martinez hit him first. Koenig testified that Caballero told him that he and Martinez were sitting in Caballero's car, with Caballero in the driver's seat and Martinez in the front passenger seat, when Caballero "made comments" about Martinez's wife and Martinez responded by punching Caballero in the face. Caballero then "proceeded to punch his father-in-law about four times." Koenig added:

> He said after about the first two—and he was saying these were good hits—he said after the first two hits he believed the father-in-law was probably unconscious. And then he said he may have gone overboard by continuing to punch him about two more times. So four times total.

3

Also during the interview, Caballero walked the officers to his car and "pointed out to Officer Briscoe several places where there was blood in the vehicle." Caballero also demonstrated how, after punching Martinez, he "walked around the vehicle and opened up the passenger door, where the ex-father-in-law basically fell out on the ground, and he said he was unresponsive at that point." Caballero left Martinez on the ground but "told him to go ahead and call the police." Both Briscoe and Koenig testified that during the interview, they did not observe any apparent injuries to Caballero, either on his face or elsewhere. A copy of Cabellero's interview with the officers, taken from Briscoe's body camera, was admitted into evidence.

Several days later, Investigators Kevin Little and James Miller of the Bastrop County Sheriff's Department went to Waco to do a follow-up interview with Caballero, again at his apartment. Martinez was still alive at the time and Caballero was not yet under arrest. Miller testified, "We knocked on the door. We met Mr. Caballero. He invited us in. He invited us to have a seat on his couch and then we spoke with him." During the interview, an audio recording of which was admitted into evidence, Caballero again admitted to hitting Martinez multiple times after Martinez hit him first. Caballero told the officers that Martinez hit him "once" and that he "retaliated" by hitting Martinez "at least three times."

At the conclusion of trial, the district court found Caballero guilty of murder and further found that the State proved that Caballero's conduct was not justified by self-defense. Following a hearing on punishment, during which Caballero and other witnesses for the defense testified, the district court sentenced Caballero to forty years' imprisonment as noted above.

We have reviewed the record, counsel's brief, and the pro se response. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that

4

might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Jones*

Affirmed

Filed: May 31, 2023

Do Not Publish

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).