**Modified and Affirmed and Opinion Filed November 6, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-01091-CR

**DANIEL PAUL RAY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 77th District Court**
**Limestone County, Texas**
**Trial Court Cause No. 15487-A**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Nowell

Daniel Paul Ray was indicted for one count of burglary of a habitation and two counts of theft of metal less than $20,000. The jury found appellant guilty and assessed his punishment at 99 years confinement for burglary of a habitation and 20 years confinement for each count of theft of metal less than $20,000.[1]

---

[1] This appeal originally was filed in the Tenth Court of Appeals. The appeal was transferred to this Court pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. Because this is a transferred case, we apply precedent of the Tenth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

On appeal, appellant's court-appointed attorney filed a brief in which he concluded the appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). He also filed an accompanying motion to withdraw as appointed counsel.

Appellant was provided a complete record and advised of his rights to file a pro se response. Appellant filed a pro se response objecting to counsel's *Anders* brief and motion to withdraw, questioning rulings made by the trial court, and arguing his sentence was unconstitutionally excessive.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and a pro se response, the reviewing court has two choices. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005). After conducting an independent examination of the record, "[the appellate court] may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[.] Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* at 826-27 (internal citations omitted). The appellate court does not address the merits of each claim raised in an *Anders* brief or in a pro se response when it has determined there are no arguable grounds for review. *Id.* at 827.

We have independently reviewed the entire record in this appeal, including the issues raised in appellant's pro se response. We conclude that no reversible error

exists in the record, there are no arguable grounds for review, and, therefore, the appeal is wholly frivolous. *See Anders*, 386 U.S. at 744 (reviewing court, and not counsel, determines—after full examination of proceedings—whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for appeal exist).

Although not an arguable issue, the trial court's judgments incorrectly state appellant plead "true" to the enhancement/habitual allegations. The record shows appellant plead "not true" to the enhancement/habitual allegations. Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). A court of appeals has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. *Castro v. State*, No. 10-22-00279-CR, 2023 WL 6885049, at *2 (Tex. App.—Waco Oct. 19, 2023, no pet. h.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27-28. Accordingly, we modify the sections of the judgments titled "Plea to 1st Enhancement Paragraph" and "Plea to 2nd Enhancement/Habitual Paragraph" to read "Not True."

We grant counsel's motion to withdraw and affirm the trial court's judgments as modified.

/Erin A. Nowell//

ERIN A. NOWELL
JUSTICE

221091f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL PAUL RAY, Appellant

No. 05-22-01091-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 77th District Court, Limestone County, Texas Trial Court Cause No. 15487-A. Opinion delivered by Justice Nowell. Justices Molberg and Pedersen, III participating.

Based on the Court's opinion of this date, the judgments of the trial court are **MODIFIED** as follows:

As to Count One:

Under the heading "Plea to 1st Enhancement Paragraph," we **DELETE** the word "True" and **ADD** the words "Not True."
Under the heading "Plea to 2nd Enhancement/Habitual Paragraph," we **DELETE** the word "True" and **ADD** the words "Not True."

As **REFORMED**, the judgment for Count One is **AFFIRMED**.

As to Count Two:

Under the heading "Plea to 1st Enhancement Paragraph," we **DELETE** the word "True" and **ADD** the words "Not True."
Under the heading "Plea to 2nd Enhancement/Habitual Paragraph," we **DELETE** the word "True" and **ADD** the words "Not True."

As **REFORMED**, the judgment for Count Two is **AFFIRMED**.

<u>As to Count Three</u>:

Under the heading "Plea to 1st Enhancement Paragraph," we **DELETE** the word "True" and **ADD** the words "Not True."

Under the heading "Plea to 2nd Enhancement/Habitual Paragraph," we **DELETE** the word "True" and **ADD** the words "Not True."

As **REFORMED**, the judgment for Count Three is **AFFIRMED**.

Judgment entered this 6th day of November, 2023.