# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-23-00060-CR**
**NO. 03-23-00091-CR**

---

**Dillan Marion McCullers, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 264TH DISTRICT COURT OF BELL COUNTY**
**NOS. 80182 & 80183, THE HONORABLE PAUL L. LEPAK, JUDGE PRESIDING**

---

## MEMORANDUM OPINION

Appellant Dillan Marion McCullers pleaded guilty to sexual assault and threatening to disclose intimate visual material. *See* Tex. Penal Code §§ 21.16(c)(1), 22.011(a)(1)(A). The trial court sentenced appellant to 5 years' confinement and 20 months' confinement, respectively, and ordered that the sentences run concurrently.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Appellant's counsel has also certified to the Court that she sent copies of the motion and brief to appellant; informed him of his right to examine the appellate

record and file a pro se response; and provided him with a motion to assist him in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, no pro se response has been filed.

We have conducted an independent review of the record, including the record of the plea and sentencing proceedings below and appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Nevertheless, while reviewing the record, we found a typographical error in the judgment against appellant in cause number 80182, the sexual-assault conviction, indicating that the "Statute for Offense" was section 22.011(a)(1)(B) of the Texas Penal Code, which prohibits sexual assault by oral penetration. *See* Tex. Penal Code § 22.011(a)(1)(B). The indictment in that case, however, to which appellant judicially confessed and pleaded guilty, charged sexual assault by penetration of the victim's sexual organ, which is proscribed by section 22.011(a)(1)(A). *See id.* § 22.011(a)(1)(A).

The appropriate remedy is to modify the trial court's judgment to reflect the correct statute. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Brunson v. State*, No. 03-22-00434-CR, 2023 WL 4873195, at *2 (Tex. App.— Austin Aug. 1, 2023, no pet.) (mem. op., not designated for publication). Accordingly, we modify the judgment in cause number 80182 to reflect that the "Statute for Offense" was "22.011(a)(1)(A) TEXAS PENAL CODE."

We agree with counsel that the record presents no arguably meritorious grounds for review, and the appeal is frivolous. Counsel's motion to withdraw is granted.

Having modified the trial court's judgment in cause number 80182 as set out above, we affirm the judgment of conviction as modified in cause number 80182 and the judgment of conviction in cause number 80183.

_____
Edward Smith, Justice

Before Justices Baker, Triana, and Smith

03-23-00060-CR      Modified and, as Modified, Affirmed

03-23-00091-CR      Affirmed

Filed:  August 22, 2024

Do Not Publish