# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00310-CR

---

**Clarissa Leigh Toba, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY**
**NO. 2C1904097, THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Clarissa Leigh Toba pleaded no contest to nine counts[1] of the class-A misdemeanor offense of cruelty to nonlivestock animals. *See* Tex. Penal Code § 49.02(b)(3), (c). Pursuant to a plea agreement, the trial court sentenced her to 300 days' confinement in county jail and a $100 fine in each cause, suspended the sentences, and placed her on community supervision for twenty-four months. *See* Tex Code Crim. Proc. art. 42A.053(a)(1). The State moved to revoke Toba's community supervision and alleged that she had violated conditions of her probation. Toba pleaded not true to the allegations. The trial court found true one of the alleged violations, revoked Toba's community supervision in trial court cause number

---

[1] Each count was charged under a distinct trial court cause number.

2C1904097, and sentenced her to sixty days' confinement in county jail.[2] The court reset sentencing in the remaining eight cause numbers, which are not before us in this appeal. We affirm the trial court's order revoking Toba's community supervision in trial court cause number 2C1904097.

Toba's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Toba's counsel has also certified to the Court that he sent copies of the motion and brief to Toba; informed her of her right to examine the appellate record and file a pro se response; and provided her with a motion to assist her in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, no pro se response has been filed.

We have conducted an independent review of the record, including the record of the revocation and sentencing proceedings below and appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Nevertheless, while reviewing the record, we found a clerical error in the order revoking community supervision, which stated that Toba pleaded true to the allegations in the State's motion to revoke her community supervision.

---

[2] We note that although the trial court's order revoking community supervision contains form language that "the finding of guilt heretofore withheld in this cause be, and the same hereby is made a final finding," the trial court in fact found Toba guilty in trial court cause number 2C1904097 at the time it placed her on community supervision. Thus, this case does not involve deferred-adjudication community supervision.

The appropriate remedy is to modify the trial court's order to reflect that Toba pleaded not true. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the order revoking community supervision in trial court cause number 2C1904097 by changing the language "the Defendant entered a plea of true" to "the Defendant entered a plea of not true." *See Kulor v. State*, No. 03-23-00642-CR, 2025 WL 1005616, at *3 (Tex. App.—Austin Apr. 4, 2025, no pet.) (mem. op., not designated for publication); *Hernandez v. State*, No. 03-13-00177-CR, 2014 WL 4079764, at *1 (Tex. App.—Austin Aug. 14, 2014, no pet.) (mem. op., not designated for publication).

We agree with counsel that the record presents no arguably meritorious grounds for review, and the appeal is frivolous. Counsel's motion to withdraw is granted.

Having modified the trial court's order revoking community supervision in cause number 2C1904097 as set out above, we affirm the order as modified.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Modified and, as Modified, Affirmed

Filed: July 23, 2025

Do Not Publish

3