# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00387-CR

**Patrick Darrell Gibson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-20-0794-SA, THE HONORABLE TOMMY LAFON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Patrick Darrell Gibson was charged with the state jail felony offense of possession of a controlled substance. *See* Tex. Health & Safety Code § 481.115(b). After he pleaded guilty under a plea agreement, the trial court deferred his adjudication of guilt and placed him on deferred adjudication community supervision for four years. *See* Tex. Code Crim. Proc. arts. 42A.101, .103. A few months later, the State filed a motion to revoke his community supervision. He pleaded true to the revocation allegations. Following a hearing, the trial court adjudicated his guilt, revoked his community supervision, and sentenced him to 240 days in jail. *See id.* arts. 42A.108, .110; Tex. Penal Code § 12.35. He appealed the trial court's judgment adjudicating his guilt.

Gibson's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). Gibson's court-appointed attorney's brief meets the

requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced.  *See id.*; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Gibson's counsel represented to the Court that she provided copies of the motion and brief to Gibson; advised Gibson of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Gibson with a form motion for pro se access to the appellate record along with the mailing address of this Court.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Gibson did not file a pro se brief and did not request an extension of time to do so.

We have independently reviewed the record and considered Gibson's appellate brief filed by counsel, and we have found nothing that might arguably support the appeal.  *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766.  We agree with counsel that the appeal is frivolous and without merit.  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment adjudicating guilt and revoking community supervision.

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:  May 5, 2026

Do Not Publish

2